CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARLON CANADY, | ) | CASE NO. 7:17CV00464 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| M. HODGES, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Marlon Canady, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Canady alleges that prison officials used excessive force and acted with deliberate indifference to his serious medical needs, in violation of his constitutional rights. After review of the record, the court concludes that the defendants' motions to dismiss Canady's claims as time-barred must be granted.

## Background

In 2015, Canady was incarcerated at Keen Mountain Correctional Center ("KMCC"). His claims in this case stem from the following alleged events. On June 25, 2015, Inmate Ames attacked Canady with a heavy object in a sock. Canady blocked the weapon, fought Ames, and held him on the floor. When Canady heard Officer Bostic order the inmates to the floor, he climbed off Ames and got on the floor himself. Nevertheless, Officer Hodges in the control booth shot Canady in the back of his right thigh with "a 40 [mm.] [oleoresin capsicum ("O.C.")] round." Compl. 8-9, ECF No. 1. Bostic also sprayed O.C. gas on Canady's face, eyes, chest, and arms. Sergeant Barbetto then engaged his attack dog on the inmates, shouting for them to get to the floor, when Canady was already there. Canady suffered dog bites to his right forearm and his right hip. After the incident, the officers placed him in a locked shower with his hands

cuffed behind his back and delayed decontaminating him. Defendant Whited, a nurse called to evaluate Canady's injuries, did not provide any medical treatment.

Canady pursued administrative remedies about the June 25 incident under the prison's grievance procedure, Operating Procedure ("OP") 866.1. The final official ruling on his last appeal under that procedure was signed and dated September 28, 2015.[1] Canady placed his § 1983 complaint in the prison mail box on September 27, 2017.[2]

The defendants have filed motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Fed. R. Civ. P. 12(b)(6). Specifically, the defendants argue that Canady's claims are barred under the applicable statute of limitations. Canady has responded to the motions, alleging additional facts in response to the statute of limitations defense, which the court will liberally construe and consider as amendments.

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[3] In assessing the motion, the "court must accept as true all of the allegations contained in a complaint," but need not do so with mere conclusory statements or legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

---

[1] Canady's exhibits to the complaint indicate that under OP 866.1, officials are required to issue a Level I response to an inmate's regular grievance within thirty days; the inmate then has five days to appeal the Level I response to a regional administrator, who is required to issue a Level II response within twenty days. Compl. Ex. 1, ECF No. 1-1. The Level II response to Canady's grievance appeal indicates that he had no other available appeal under OP 866.1 on the issues raised.

[2] The defendants agree that September 27, 2017, is appropriately considered the date on which Canady filed his § 1983 complaint. See Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991) (holding that pro se prisoner's pleading is deemed filed when he delivers it to prison officials for mailing).

[3] The court has omitted internal quotation marks, alterations or citations here and throughout this memorandum opinion, unless otherwise noted.

Generally, a statute of limitations argument would be an affirmative defense, not properly raised in a motion to dismiss pursuant to Rule 12(b)(6). See Fed. R. Civ. P. 8(c); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). However, "if all facts necessary to the affirmative defense clearly appear on the face of the complaint," then a court may address the affirmative defense pursuant to Rule 12(b)(6). Id.; see Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (stating sua sponte dismissal is proper when the face of the complaint clearly reveals the existence of a meritorious affirmative defense).

Canady presents his claims under Section 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Because Congress did not include time limits in the statute for filing a § 1983 action, such cases are governed by the statute of limitations governing general personal injury actions in the state where the tort allegedly occurred. See Owens v. Okure, 488 U.S. 235, 239, 250 (1989). In addition, the state's tolling rules apply in calculating the timeliness of a § 1983 complaint. Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980); Scoggins v. Douglas, 760 F.2d 535, 537-38 (4th Cir. 1985).

In Virginia, the limitations period for general personal injury claims is two years. See Va. Code Ann. § 8.01-243(A). Thus, Canady had two years from the date when his § 1983 claims accrued to file them in a federal lawsuit. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011).

"[T]he question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995). It is well established that "a cause of action [under § 1983] accrues when the plaintiff possesses sufficient

facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 123 (1979). In other words, the cause of action accrues when the plaintiff is "armed with the facts about the harm done to him, [and] can protect himself" by investigating them further and working diligently to prepare his legal claims for litigation within the statutory filing period. Kubrick, 444 U.S. at 123.

The defendants assert that based on facts clear from Canady's complaint, his claims in this action accrued on June 25, 2015. The court agrees. On June 25, 2015, Canady knew about what harm he suffered and whose actions or omissions caused that harm. At that point, his claims accrued, and he had a duty to inquire into any other factual or legal details necessary to bring his lawsuit.

Canady contends that his cause of action accrued only after he had exhausted administrative remedies, as required under 42 U.S.C. § 1997e(a).[4] Specifically, Canady contends that his claims accrued on September 29, 2015, the day after a prison official denied his last available administrative appeal.

The court finds no merit to this alternate accrual argument. Neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has interpreted § 1997e(a) as altering the federal rule for when a § 1983 claim accrues. Other federal courts of appeal, addressing claims subject to other states' tolling statutes and prison administrative remedies procedures, have recognized that the statute of limitations for a prisoner civil rights

---

[4] Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

action should be tolled during exhaustion of administrative remedies.[5] These courts have not suggested any change, however, to the well established federal rule that § 1983 claims accrue when the plaintiff is put on inquiry notice of his claim.[6]

For the reasons stated, the court concludes that Canady's § 1983 claims accrued on June 25, 2015. Because Canady did not file his complaint until September 27, 2017, more than two years after the claims accrued, his claims are time-barred under Va. Code Ann. § 8.01-243(A), absent some basis for tolling that limitations period.

Section 8.01-229 of the Virginia Code provides for tolling of all statute of limitations during the time a plaintiff is under a disability, for a period of time after the death of a party, during the pendency of a criminal prosecution against either party, while a defendant obstructs the plaintiff's filing of the action, and other circumstances not relevant to this case. See Va. Code Ann. § 8.01-229(A)-(K). Canady argues for statutory tolling under Va. Code Ann. § 8.01-229(D) during the period when he was exhausting administrative remedies. The court finds no merit to his contentions.

Section 8.01-229(D) provides that if a defendant uses "direct or indirect means to obstruct the filing of an action," the limitations period is tolled for as long as that obstruction continues. Va. Code Ann. § 8.01-229(D). "The fraud which will relieve the bar of the statute must be of that character which involves moral turpitude, and must have the effect of debarring

---

[5] See, e.g., Gonzalez v. Hasty, 651 F.3d 318 (2d Cir. 2011) (New York); Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) (California); Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002) (Louisiana); Johnson v. Rivera, 272 F.3d 519, 521-22 (7th Cir. 2001) (Illinois); Roberts v. Barreras, 109 F. App'x. 224 (10th Cir. 2004) (New Mexico).

[6] A separate statute of limitations, Va. Code Ann. § 8.01-243.2, offers alternative accrual dates for a civil action filed by a state prisoner challenging conditions of confinement in state court; this section provides that such actions must be filed "within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever comes later." This provision does not apply to § 1983 claims, however. See Billups v. Carter, 604 S.E.2d 414, 419 (Va. 2004) (holding § 8.01-243.2 does not apply to state prisoner's § 1983 claims).

or deterring the plaintiff from his action." Newman v. Walker, 618 S.E.2d 336, 339 (Va. 2005). In other words, the plaintiff must "establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action." Id.

Canady's theory of tolling under § 8.01-229(D) mischaracterizes the Virginia Department of Corrections ("VDOC") grievance procedure, made mandatory under 42 U.S.C. § 1997e(a), as an obstruction to his litigation efforts. First, even taking Canady's allegations in the light most favorable to him, the court finds no indication that the defendants took actions designed to obstruct Canady's litigation efforts. These officials did not personally implement the grievance procedure, hamper Canady's ability to utilize it, or otherwise impede his ability to file a lawsuit. Second, the grievance process itself is not an act of fraud or moral turpitude and does not obstruct an inmate's ability to file a timely court action.[7] An inmate may file an action without first using the grievance process, albeit he risks dismissal of that action, if the defendants establish the affirmative defense of nonexhaustion. Moreover, as Canady's exhibits indicate, the deadlines for official responses to grievances and appeals under OP 866.1 are short (thirty days for Level I, twenty days for Level II). Thus, after full exhaustion, an inmate has ample time remaining to file his lawsuit within the statutory filing period. For the stated reasons, the court concludes that Canady's statutory tolling argument is without merit.

Canady also asserts that the limitation period should be equitably tolled for the period when he was exhausting administrative remedies. District courts in Virginia have rejected this argument. See, e.g., Chapman v. Corr. Officer Bullock, No. 3:14CV463, 2016 WL 543165, at *5 (E.D. Va. Feb. 9, 2016) (Gibney, J.) (holding that "the limitation period is not tolled simply

---

[7] To the contrary, if the plaintiff shows that prison officials' practices have obstructed his ability to utilize the grievance procedures, the court may conclude the procedures were unavailable and excuse the plaintiff from his obligation to comply. See Ross v. Blake, _U.S._, 136 S. Ct. 1850, 1859-60 (2016).

because an inmate is exhausting his administrative remedies for his civil rights claims"), aff'd sub nom. Chapman v. Bullock, 655 F. App'x 968 (4th Cir. 2016).[8]

> As there is no federal statute of limitations applicable to [prisoner civil rights] actions, the question of whether the statute of limitations should be equitably tolled is also governed by state law. See, e.g., Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999). The Fourth Circuit has yet to answer the question of whether an inmate is entitled to equitable tolling of the statute of limitations in a Bivens [or § 1983] action while exhausting PLRA remedies.
> 
> Virginia courts, however, have generally taken a restrictive view of equitable tolling. The Virginia Supreme Court has held that "statutes of limitations are strictly enforced and exceptions thereto are narrowly construed. Consequently, a statute should be applied unless the General Assembly clearly creates an exception, and any doubt must be resolved in favor of the enforcement of the statute." Arrington v. Peoples Sec. Life Ins. Co., 250 Va. 52, 55, 459 S.E.2d 289, 2991 (1995). The court has only refused to apply the statute of limitations when "the positive and plain requirements of an equitable estoppel preclude" its application. Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc., 221 Va. 81, 85, 266 S.E.2d 887, 889 (1980)....
> 
> Thus, it is clear that, under Virginia law, plaintiff is not entitled to automatic equitable tolling of the statute of limitations while he exhausted his remedies [to comply with § 1997e(a)]. In addition, the principles of equitable estoppel that would warrant equitable tolling of the statute of limitations do not apply to this case. To invoke equitable estoppel—and thus be entitled to equitable tolling—under Virginia law a party must prove, "by clear, precise, and unequivocal evidence" that (1) a party knowingly and falsely concealed a material fact, with the intention that the opposing party would rely on this representation; (2) the party invoking equitable estoppel did not know the true nature of the material fact; (3) the party invok[ing] estoppel relied on the misrepresentation; and (4) the party invoking estoppel "was misled to his injury." Boykins Narrow Fabrics Corp., 221 Va. at 86, 266 S.E.2d at 890 (internal citations omitted). Thus, plaintiff must show that the defendant somehow prevented plaintiff from filing suit within the statutory time period. Id. at 87, 890.

Roseboro, 2015 WL 631352, at *3-4 (O'Grady, J.). The court finds the reasoning of these other district judges to be persuasive and concludes that Canady is not entitled to equitable tolling during the time when he was exhausting his administrative remedies.

---

[8] See also Thompson v. Clarke, No. 7:17CV00010, 2018 WL 1955424, at *4-5 (W.D. Va. Apr. 25, 2018) (Moon, J.); Grethen v. Clarke, No. 2:13CV416, 2015 WL 3452020, at *3 (E.D. Va. Mar. 13, 2015) (Smith, C.J.); Roseboro v. Brown, No. 1:13CV513 LO/TRJ, 2015 WL 631352, at *4-5 (E.D. Va. Feb. 12, 2015) (O'Grady, J.); Wagner v. Barnette, No. 7:12-CV-00441, 2014 WL 695388, at *4 n.13 (W.D. Va. Feb. 24, 2014) (Urbanski, J.).

7

Finally, in response to the defendants' motions, Canady seeks equitable tolling based on incarceration-related complications to his efforts to litigate this case. Canady alleges brief delays in obtaining administrative remedy forms, having to resubmit one such form to get a response, having no physical access to the KMCC law library for several months in early 2016, being without personal property and legal materials for nearly two months in 2016 after being transferred, and litigating several other lawsuits or appeals between June 2015 and August 2017. None of these mere delays or inconveniences involved a defendant's intentional action that misrepresented or concealed a material fact necessary to Canady's claims or prevented him in any way from filing a timely § 1983 action.[9] Therefore, Canady has not demonstrated the elements of equitable estoppel as required for equitable tolling Virginia's applicable statute of limitations.[10] Boykins Narrow Fabrics Corp., 266 S.E.2d at 890.

## Conclusion

Based on the foregoing, the court concludes that Canady's claims under § 1983 are barred by the applicable statute of limitations, Va. Code. Ann. § 8.01-243(A), and that he has presented no grounds for tolling of the statutory period. Accordingly, the court will grant the defendants' motions to dismiss. An appropriate order will enter this day.

ENTER: This 27th day of June, 2018.

Senior United States District Judge

---

[9] See also Thompson, 2018 WL 1955424, at *5 (rejecting equitable tolling or tolling under § 8.01-229(D) for alleged withholding of legal materials where plaintiff stated no facts showing the action prevented him from filing his complaint on time, "using the simple form provided for inmates filing complaints under 42 U.S.C. § 1983").

[10] Even assuming without finding that some other form of general equitable tolling is available in a § 1983 case in Virginia, Canady fails to meet the stringent standard for such relief. See Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014) (holding that equitable tolling is appropriate only when wrongful conduct by defendant or some other extraordinary circumstances beyond plaintiff's control made it impossible to file his claims on time, despite his exercise of due diligence in preserving his legal rights).