**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MARLON CANADY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 7:17cv464** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **M. HODGES, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Eugene Whited ("Whited"), by counsel, submits this Reply Memorandum in Support of his Motion for Summary Judgment, and in support thereof, Whited states as follows:

**INTRODUCTION**

In his Response in Opposition to Whited's Motion for Summary Judgment plaintiff Marlon Canady ("Canady") claims that there are disputed issues of material fact precluding an award of summary judgment and Whited waived his argument regarding Canady's failure to exhaust his administrative remedies. Canady's opposition fails, however, because he fails to show that there is sufficient evidence supporting his claim for a jury to return a verdict in his favor.

**ARGUMENT & AUTHORITY**

To overcome a motion for summary judgment, Canady "must set forth specific facts that go beyond the 'mere existence of a scintilla of evidence'" and "cannot solely rely on 'mere allegations or denials of his pleadings.'" Glynn v. EDO Corp., 710 F.3d 209, 213 (4th Cir. 2013) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986);



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 1 -

629.0301\NHS
4846-4799-3499 .v1

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003)). Canady's mere "subjective belief[ ] . . . without more is insufficient to create a genuine issue of material fact." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 135 (4th Cir. 2002). Nor will the building of one inference upon another . . . create a genuine issue of material fact." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995) (citing Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985); see also Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985) ("Genuineness means that the evidence must create a fair doubt; wholly speculative assertions will not suffice.")

It is Canady's burden to present "'sufficient evidence favoring [him] for a jury to return a verdict for [him].'" Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005) (quoting Anderson, 477 U.S. at 249). Instead, Canady offers nothing more than "unsubstantiated allegations and bald assertions" without evidence to support his arguments. Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996).

As set forth more fully below, Canady fails to meet his burden to show that summary judgment is not proper.

## I.     Canady Has No Evidence to Rebut the Medical Records in Evidence.

Canady argues that the significant injury analysis for purposes of his deliberate indifference claim should be the same as that for an excessive force claim and disputes Whited's statements regarding Canady's injuries and treatment.

### a.     Canady confuses the standards for excessive force claims and deliberate indifference claims.

Deliberate indifference claims and excessive force claims under the Eighth Amendment to the Constitution utilize different analyses. Canady is correct that in



FA+P

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 2 -

Wilkins v. Gaddy, the Supreme Court reminded lower courts that excessive force claims hinge on whether force was applied in good faith, not necessarily the significance of the injury resulting from the use of force. Wilkins v. Gaddy, 559 U.S. 34, 37–38 (2010) (per curiam). Deliberate indifference claims, on the other hand, require the plaintiff to show he had serious medical needs. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. at 241 (internal quotation marks omitted). Thus, an excessive force claim may survive where it involves merely a verbal threat coupled with action ostensibly designed to carry out that threat. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). But a deliberate indifference claim requires an "extreme" deprivation "meaning that it poses a serious or significant physical or emotional injury from the challenged conditions, or a substantial risk of such serious harm resulting from exposure to the challenged conditions." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (internal quotations omitted).

Canady's assertion that the Court must combine the analysis for his excessive force claim against the other defendants for purposes of the objective prong of his deliberate indifference claim is not supported by any case law. Accordingly, if no reasonable juror could conclude that Canady's alleged injuries were not objectively sufficiently serious, then Whited is entitled to summary judgment.



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0301\NHS
4846-4799-3499 .v1

b.      **Canady fails to rebut Whited's evidence regarding Canady's injuries and treatment.**

Canady relies only on his own unsubstantiated assertions to rebut the treatment records offered by Whited in support of Whited's summary judgment motion. Without more, Canady cannot meet his burden.

Canady continues to insist the K-9 bit him on his right arm, but the treatment records and incident reports show that the K-9 latched on Canady's left arm. See ECF No. 58-1, at *6, *8, *11, *16; ECF No. 71-2, at *11. Canady contends he received no triple-antibiotic ointment and no tetanus shot on June 25, 2015 but offers nothing to rebut the medical records indicating he did receive those treatments. See ECF No. 58-1, at *6, *10, *11–12, *16. In the face of documentary evidence, Canady's unsubstantiated assertions do not create a dispute of material fact as to the extent of Canady's injuries or the treatment he received. Evans, 80 F.3d at 960. Finally, Canady claims that rinsing with water is not sufficient for removing OC resin from the skin. But Canady's own exhibits dispute that notion. See ECF No. 72-3, at *3 (". . . it simply won't wash away with just water *unless applied over an extended period of time . . . .*"); ECF No. 72-3, at *4 ("Soak cloth in cool, clean water and use to wipe subject's skin . . . . Flush eyes and skin with cool, clean water."); ECF No. 72-3, at *25 ("Flush eyes with copious amounts of cool water. . . . "Use of a wet paper towel pressed on the face followed by a dry paper towel has proven to be the most effective way to remove the resin from the skin.").[1]

---

[1]   Pages 25 and 26 of ECF No. 72-3 are VDOC's decontamination protocol produced by Whited in response to the Court's May 15, 2019 Order, ECF No. 67. Whited objects to the other documents regarding OC spray decontamination pursuant to Federal Rule of Civil Procedure 56(c)(2) as hearsay and lacking a proper foundation.

- 4 -

629.0301\NHS
4846-4799-3499 .v1

Rule 56(c) of the Federal Rules of Civil Procedure requires "a party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute . . . ." Here, Canady relies on no other evidence to support his assertions regarding his injuries or medical treatment and therefore has not created a viable dispute of material fact. Accordingly, for the reasons set forth more fully in Whited's Memorandum in Support of his Motion for Summary Judgment, ECF No. 58, Whited is entitled to summary judgment as to Canady's deliberate indifference claim.

## II.   Canady Did Not Exhaust His Administrative Remedies.

Canady claims Whited waived his exhaustion argument, and Canady claims he exhausted his administrative remedies because he submitted a grievance about being charged a co-pay after allegedly not receiving any medical treatment.

### a.   Whited did not Waive his exhaustion argument

Canady claims Whited waived his exhaustion argument because Whited failed to file an answer or motion to dismiss within sixty days of the date the request for waiver of service was sent to him. Whited timely filed a motion to dismiss the Complaint based on the statute of limitations and prevailed. Canady appealed that ruling, and the parties agreed to a remand based on a change in controlling law. Upon reinstating the case on this Court's docket, the Court issued an Order requiring the defendants to file responsive pleadings. ECF No. 55. Whited then timely filed his present motion for summary judgment asserting Canady's failure to exhaust his administrative remedies.

Filing a motion for summary judgment as a responsive pleading tolls the deadline for a defendant to answer. See Fed. R. Civ. P. 55(a) (the clerk must enter default if the



FA+P

FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0301\NHS
4846-4799-3499 .v1

defendant "failed to plead *or otherwise defend*" in response to the complaint) (emphasis added; Fed. R. Civ. P. 56(b) (motion for summary judgment may be filed at "*any*" time) (emphasis added). Multiple courts agree with this proposition. <u>Marquez v. Cable One, Inc.</u>, 463 F.3d 1118, 1120–21 (10th Cir. 2006) (motion to dismiss presenting matters outside pleadings and converted to motion for summary judgment tolled time to file answer); <u>Johnson v. Warner</u>, No. 7:05cv219, 2009 WL 586730, 2009 U.S. Dist. LEXIS 17143, at *9–10 (W.D. Va. Mar. 6, 2009) (denying motion for default judgment after defendant filed motion for summary judgment); <u>Rashidi v. Albright</u>, 818 F. Supp. 1354, 1357 (D. Nev. 1993), <u>aff'd</u>, 39 F.3d 1188, 1994 U.S. App. LEXIS 30654, at *12–13 (9th Cir. 1994) (unpublished table decision). Professions Wright and Miller agree with this approach. <u>See</u> 10A Charles A. Wright, et al., <u>Federal Practice and Procedure</u> § 2718 (4th Ed. 2017) ("a summary-judgment motion made prior to an answer should have the benefit of the Rule 12(a) language tolling the period in which an answer must be filed").

For these reasons, Canady's argument that Whited waived his exhaustion defense should be summarily rejected.

### b.    <u>Canady's reliance on the copay grievance is insufficient.</u>

Canady's reliance on the co-pay grievance he submitted does not salvage his claim from dismissal for failure to exhaust. Canady's grievance regarding the co-pay did not alert prison officials of the potential deliberate indifference claim against them. <u>Lacey v Braxton</u>, No. 7:10cv139, 2011 WL 3320801, 2011 U.S. Dist. LEXIS 84313, at *24–25 (W.D. Va. Aug. 1, 2011) (citation omitted). Canady's grievance was clearly directed to the co-pay issue only as he addressed several other medical treatments other than the interaction with Whited on June 25, 2015. <u>See</u> ECF No. 58-2, at *12–27. Not once did he complain that



629.0301\NHS
4846-4799-3499 .v1

the treatment he received on June 25, 2015 was inadequate. Rather he complained he was charged $5.00 for the visit with Whited on June 25, 2015. Prison officials all interpreted Canady's complaint as regarding the co-pay issue only. See ECF No. 58-2, at *12, *21, *27. Accordingly, Canady failed to exhaust his administrative remedies with respect to his deliberate indifference claim against Whited.

## CONCLUSION

The "negative consequences of a lack of evidence have to be borne by Plaintiff, regardless of his pro se status." Abaje v. Hargrave Military Acad., 328 F. Supp. 3d 539, 547 (W.D. Va. 2018) (citation omitted). Here, Canady fails to come forward with evidence to create a genuine dispute of material fact, and summary judgment is appropriate.

WHEREFORE, for the foregoing reasons defendant Eugene Whited respectfully requests that this court enter an Order granting his Motion for Summary Judgment, dismissing Whited from this action with prejudice, entering a partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and granting such further relief as the court deems just and proper.

Respectfully Submitted,

EUGENE WHITED

/s/ Nathan H. Schnetzler
Nathan H. Schnetzler (VSB #: 86437)
FRITH ANDERSON + PEAKE, PC
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone:    540/772-4600
Fax:       540/772-9167
Email:  nschnetzler@faplawfirm.com
*Counsel for Eugene Whited*



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to all attorney(s) of record, and I have also mailed the foregoing by United States Postal Service to the address of record of the pro se plaintiff:

Marlon Canady
Inmate # 1110773
Nottoway Correctional Center
P.O. Box 488
Burkeville, Virginia 23922
*Pro Se Plaintiff*

/s/ Nathan H. Schnetzler
Nathan H. Schnetzler



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

629.0301\NHS
4846-4799-3499 .v1